UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DISA,

     Plaintiff,

vs.                                                                    Case No. 8:14-cv-01915-T-27AEP

ASHLEY FURNITURE INDUSTRIES,
INC.,

     Defendant.

_____/

## ORDER

**BEFORE THE COURT** are motions in limine filed by the parties. The issue in this case is whether Plaintiff was entitled to a pro-rated bonus for 2013 after he was terminated (*see* Dkt. 43). The dispute focuses on an Employment Agreement between the parties, which provided Disa with a base salary and annual incentive bonus, as well as a severance in the event of his involuntary separation. The parties modified the Agreement, amending only the bonus provision. When Disa was terminated, he was paid a severance of $800,000. According to Ashley, since the agreement contained a severance provision that provided only for the payment of salary, not a bonus, a pro rata bonus was unambiguously excluded. Disa disagrees.

     **Dkt. 61: Plaintiff's Motion in Limine to Exclude Certain Testimony, Argument, and Evidence from Trial Relating to the Settlement Agreement and Release:** This motion is unopposed and therefore GRANTED.

     **Dkt. 62: Plaintiff's Motion in Limine to Exclude All Testimony, Argument, or Evidence Regarding the Fact He Received a Severance Payment and/or the Amount of the Payment:**

1

I find that evidence of the severance provision and Ashley's payment of the $800,000 severance are relevant to the issue before the jury, as well as Ashley's defense, specifically its interpretation of the ambiguous terms of the Employment Agreement and contention that it fulfilled its obligation under the Employment Agreement when it paid Disa the severance upon his termination. The negotiation and inclusion of the severance provision in the Employment Agreement is relevant to understanding how the agreement between the parties was reached. The motion is therefore DENIED.

**Dkt. 63: Plaintiff's Motion in Limine to Exclude All Testimony, Argument, or Evidence Regarding the Removal of the Change of Control Clause and the Pro Rata Bonus Language Contained in a Draft of the Amended Compensation Plan:**

This motion is DENIED. Reference to a "prorated bonus" within the rejected Change of Control language is relevant on the issue of the parties' intent to include (or not) a prorated bonus provision in the Employment Agreement, as amended. That Disa attempted to include the language is relevant to his understanding of whether he would otherwise be entitled to a prorated bonus on a mid-year termination. Moreover, the parties' course of conduct in the negotiation of the Employment Agreement, as amended, is relevant to their intent and meaning of the ambiguous terms of the Employment Agreement. The probative value of this relevant evidence is not substantially outweighed by a danger of unfair prejudice, confusion, misleading of the jury, undue delay or waste of time, or needless presentation of cumulative evidence under Rule 403, Fed.R.Evid.

**Dkt. 64: Defendant's Motion in Limine to Exclude Jason Michalak as a Witness at Trial:**

This motion is DENIED as moot. The parties have waived records custodians, and the only reason Plaintiff listed Mr. Michalak was to authenticate an email he sent on behalf of Mr. Wanek.

**Dkt. 65: Defendant's Motion in Limine to Exclude Testimony and Evidence Related to the Publication "Furniture Today":**

Plaintiff's failure to produce the market data compilation during discovery is problematic, and potentially prejudices Ashley. *See* Rule 37(c)(1), Fed.R.Civ.P. For those reasons, the motion is GRANTED *in part*. No evidence or testimony related to the data compilation in Furniture Today may be mentioned or introduced unless the evidence is proffered to the court outside the presence of the jury and the court authorizes its admissibility. Plaintiff shall be prepared to explain why the evidence was not produced during discovery. The court notes that the data compilation appears to fall within the commercial publication hearsay exception in Rule 803(17), assuming Plaintiff can lay a proper foundation under that exception.

With respect to Ashley's financial performance in 2009-2012, the motion is *provisionally* GRANTED. No evidence or testimony related to Ashley's financial performance in 2009-2012 may be mentioned or introduced unless the evidence is proffered to the court outside the presence of the jury and the court authorizes its admissibility.

Plaintiff's performance other than in 2013 is irrelevant to the his claim of a pro rata incentive bonus in 2013, as the magistrate judge correctly found. The motion is GRANTED to that extent.

**Dkt. 66: Defendant's Motion in Limine to Exclude Evidence Not Produced During Discovery and Related Testimony:**

This motion is *provisionally* GRANTED. *See* Rule 37(c)(1), Fed.R.Civ.P. No evidence or testimony related to proposed Exhibits 8, 15, 17, 29, 39 and 40 may be mentioned or introduced unless the evidence is proffered to the court outside the presence of the jury and the court authorizes its admissibility. Plaintiff shall be prepared to explain why the evidence was not produced during discovery. And Defendant shall be prepared to explain why documents in its possession and control

were not produced, and how it would be prejudiced by their admission into evidence.

**Dkt. 67: Defendant's Motion in Limine to Exclude Testimony and Evidence Related to Plaintiff's Work Performance With Ashley and Ashley's Financial Performance In Any Year Other Than 2013:**

The motion is GRANTED in *part,* consistent with this order on Dkts. 66 and 65, and otherwise DENIED.

**Dkt. 68: Defendant's Motion in Limine to Exclude Testimony and Evidence Related to Non-Annual Bonuses:**

This motion is DENIED. The evidence Plaintiff seeks to introduce is admissible and relevant, based on Plaintiff 's representation that it will be offered "for the sole purpose of establishing that Ashley did, in fact, track the company financials required to calculate Disa's bonus on a monthly basis," and therefore Ashley had the ability to calculate Disa's claimed bonus on a monthly basis.(Dkt. 69, p. 3).

**DONE AND ORDERED** this ___6___ day of January, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record