UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DISA,

      Plaintiff,

v.                                                                    Case No: 8:14-cv-1915-T-JSS

ASHLEY FURNITURE INDUSTRIES,
INC.,

      Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Plaintiff's Motion for New Trial.  (Dkt. 140.) Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59 based on the Court's rulings on motions in limine, evidentiary rulings during trial, and irregularities in the trial proceedings.  Upon consideration, Plaintiff's Motion for New Trial is denied.

## BACKGROUND

In January 2009, Defendant, Ashley Furniture Industries, Inc., hired Plaintiff, John Disa, to serve as president of Defendant's retail home store division.  In December 2009, the parties executed an employment agreement, effective January 1, 2009, which provided that Mr. Disa would receive an annual base salary and an annual non-discretionary incentive bonus.  The employment agreement also included a severance provision, which provided that Mr. Disa would receive severance pay in the amount of one year's annual salary if he was terminated.  A year later, in August 2010, the parties agreed to an amended compensation plan, which raised Mr. Disa's annual base salary and modified his bonus compensation to specify the percentage of sales growth and profits calculated in his annual bonus.  Pursuant to the amended compensation plan, Mr. Disa received annual bonuses for 2011 and 2012.  However, Mr. Disa was terminated on November 4,

2013.  Upon his termination, he was paid a severance equal to his then-current annual salary, but he was not paid a bonus for 2013.

Consequently, on August 8, 2014, Mr. Disa filed a complaint against Defendant, alleging that Defendant failed to pay him bonus compensation in 2013 as owed under their written or oral employment agreement.  (Dkt. 1).  In the alternative, Mr. Disa also claimed that he was entitled to a prorated bonus under equitable principles of promissory estoppel and unjust enrichment.  (Dkt. 1.)  On July 15, 2015, Defendant moved for summary judgment as to all claims in the complaint, arguing that Plaintiff was not entitled to a prorated bonus because he was required to remain employed for a full year to receive a bonus.  (Dkt. 22.)  Defendant's Motion for Summary Judgment was denied, with the exception of one count for equitable accounting, on the basis that a genuine dispute of material fact existed regarding whether Mr. Disa was entitled to a prorated bonus for 2013.  (Dkt. 43.)

Following a five-day jury trial in March 2016, the jury returned a verdict in favor of Defendant and against Mr. Disa.  (Dkt. 136.)  Specifically, the jury found that Mr. Disa and Defendant's written and oral agreement did not entitle Mr. Disa to bonus compensation in 2013 for less than a full calendar year of employment.  (Dkt. 136.)  Additionally, the jury did not find in Mr. Disa's favor on his claims for promissory estoppel and unjust enrichment.  (Dkt. 136.)  Judgment was entered accordingly on March 22, 2016.  (Dkt. 138.)

## APPLICABLE STANDARDS

After a jury trial, a district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  For example, a party may seek a new trial on grounds that the verdict was against the weight of the evidence, the damages were excessive, the trial was unfair to the moving party, or there were

substantial errors in the admission or rejection of evidence or instructions to the jury. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).  However, the court must not substitute its judgment for that of the jury, and, therefore, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation omitted).  Resolution of a motion for a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

## ANALYSIS

### A.   Rulings on Motions in Limine

Plaintiff argues that a new trial is warranted because the Court made erroneous rulings on the parties' motions in limine, which impermissibly limited the scope of admissible evidence presented to the jury.  Specifically, Plaintiff challenges the exclusion of evidence relating to Mr. Disa's and Defendant's performance before 2013.  Plaintiff also challenges the introduction of evidence relating to Mr. Disa's employment agreements with other employers, the removal of the change-of-control clause from Mr. Disa's employment agreement with Defendant, and the severance payment awarded to Mr. Disa upon his termination.  Upon consideration, the Court finds no error in these rulings.

#### 1. Performance Prior to 2013

Under the Federal Rules of Evidence, evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Evidence is deemed relevant if it has any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  The determination of whether evidence is relevant lies within the discretion of the trial court. *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1305 (11th Cir. 1985).

Here, the Court properly excluded evidence regarding Mr. Disa's employment performance for years preceding 2013. The claims at issue in this litigation were premised on whether Mr. Disa's employment agreement provided for bonus compensation on a prorated basis and whether, in the absence of a contract, Mr. Disa should have received bonus compensation for the benefits he conferred on Defendant for the ten-month period of employment in 2013. Therefore, Mr. Disa's performance in years other than 2013 was not relevant to his claim that he was owed a bonus in 2013.

Although Plaintiff argues that this evidence was relevant to show Mr. Disa's contribution as an employee and "the metrics involved in the calculation of his bonus," it was undisputed that bonuses were calculated based on financial figures for the fiscal year for which the bonus was to be paid—not prior years. Indeed, Plaintiff's complaint provided that Defendant paid Mr. Disa all compensation due to him from 2010 to 2012, and it only alleged that Defendant failed to pay him compensation for work he performed in 2013 through the date of his termination. (Dkt. 1.) As such, the Court properly excluded evidence that had no probative value to Mr. Disa's entitlement to a bonus—or the criteria Defendant would have considered in calculating his bonus—in 2013.

### 2. Severance Payment, Change-of-Control Clause, and Prior Agreements

Plaintiff challenges the introduction of evidence regarding the severance paid to Mr. Disa upon his termination, the removal of a change-of-control clause from Mr. Disa's employment agreement, and Mr. Disa's employment agreements in prior positions. Specifically, Plaintiff argues that such evidence improperly prejudiced the jury against him and allowed the jury to make inferences that Mr. Disa had a similar deal with Defendant. The change-of-control clause, which provided that Mr. Disa would receive a prorated bonus for the fiscal year in which his employment was terminated, was included in a proposed draft agreement created by Mr. Disa but was ultimately

rejected by Defendant and not incorporated in the final compensation plan governing Mr. Disa's employment in 2013.

In construing a contract, the governing objective is to "ascertain and effectuate the intention of the parties." *L'Engle v. Overstreet*, 55 So. 381, 384 (1911); *see also In re Gardiner, Inc.*, 831 F.2d 974, 976 (11th Cir. 1987) ("[T]he intention of the parties is the governing principle in contract construction."). To determine the intent of the parties, the factfinder should consider the language in the contract, the object and purpose of the contract, and the circumstances under which the contract was entered. *Clark v. Clark*, 79 So. 2d 426, 428 (Fla. 1955); *see also City of Homestead v. Beard*, 600 So. 2d 450, 453 (Fla. 1992) (stating that the intent of the parties should be determined "by examining the surrounding circumstances and by reasonably construing the agreement as a whole"). Additionally, when a contract fails to specify the rights or duties of the parties in certain situations, extrinsic evidence is necessary to interpret the contract according to the intent of the parties. *Forest Hills Utils., Inc. v. Pasco Cty.*, 536 So. 2d 1117, 1119 (Fla. 2d DCA 1988).

In this case, the jury was tasked with interpreting the term "annually" in Mr. Disa's employment agreement to determine whether the agreement contemplated the provision of a prorated bonus. (Dkt. 137 at 14.) As such, the jury was required to evaluate the intent of the parties by considering the employment agreement as a whole and the circumstances under which the contract was entered. *See Imperial Golf Club, Inc. v. Monaco*, 752 So. 2d 653, 654 (Fla. 2d DCA 2000) (stating that when a term in a contract is not defined, it "must be construed in conjunction with the language of the entire covenant and the intent of the parties").

Notably, "[t]he intention of the parties must be determined from an examination of the whole contract and not from the separate phrases or paragraphs." *Lalow v. Codomo*, 101 So. 2d 390, 393 (Fla. 1958). In evaluating the contract as a whole, the provisions of a contract must be

read harmoniously. *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000). Therefore, it was entirely proper for the jury to consider evidence regarding the severance provision in Mr. Disa's employment agreement, as consideration of the severance provision was necessary to determine the agreement of the parties and to interpret the contract as a whole. *See Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1247 (11th Cir. 2002) ("To construe the contract, one part of an agreement may be resorted to for the explanation of the meaning of the language of another part.") (internal quotation omitted).

Additionally, evidence that Mr. Disa received a severance payment upon his termination was relevant to his claim that he was not given what he was owed under the employment agreement or under equitable principles for work he performed in 2013. Specifically, Plaintiff's unjust enrichment claim alleged that Mr. Disa was owed a bonus for benefits he conferred on Defendant without just compensation. (Dkt. 1.) Given this claim, the jury was entitled to consider whether the severance payment constituted just compensation and whether, as Defendant claimed, Mr. Disa was properly compensated for work he performed in 2013.

Similarly, evidence regarding the removal of the change-of-control clause in Mr. Disa's employment agreement was relevant to determine the intent of the parties in reaching an agreement and in ascribing meaning to the terms used in the agreement. *See Triple E Dev. Co. v. Floridagold Citrus Corp.*, 51 So. 2d 435, 438 (Fla. 1951) ("[T]he conditions and circumstances surrounding the parties to the instrument and the object or objects to be obtained when the contract was executed should be considered."). Evidence of the circumstances surrounding the creation of a contract certainly includes the negotiations between the parties regarding what should and should not be included in the operative contract, particularly with regard to whether Mr. Disa would be entitled to a prorated bonus on a mid-year termination. *See Brevard Cty. Fair Ass'n, Inc. v. Cocoa*

*Expo, Inc.*, 832 So. 2d 147, 152 (Fla. 5th DCA 2002) ("Courts often look to the conduct of the parties in their course of dealings to determine the meaning of a contract.").

Finally, the Court finds no error in the introduction of evidence regarding prior employment agreements entered into by Mr. Disa. As stated above, the governing principle in contract construction is determining the intent of the parties. *L'Engle*, 55 So. at 384. Here, evidence of Mr. Disa's understanding of the agreement and his entitlement to a prorated bonus, based on similar employment agreements he had in the past, was relevant to determine the intent of the parties in entering into an employment agreement and was thus appropriately presented to the jury. *See Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 905 (11th Cir. 1998) (stating that the intent of the parties is an issue of fact under Florida law). Additionally, this evidence was relevant to whether Mr. Disa's reliance on Defendant's alleged promise to pay him a prorated bonus in 2013 was reasonable, which is an essential element of Plaintiff's promissory estoppel claim. (Dkt. 137 at 22.) *See FCCI Ins. Co. v. Cayce's Excavation, Inc.*, 901 So. 2d 248, 251 (Fla. 2d DCA 2005) (stating that the issue of whether reliance was reasonable involves the resolution of factual issues).

Given the issues before the jury in this case, the circumstances surrounding the negotiation and execution of Mr. Disa's employment agreement were relevant to the intent of the parties in drafting and interpreting the agreement. Therefore, the Court did not err in allowing this evidence to be introduced at trial.

**B.      Irregularities in Trial Proceedings**

Plaintiff argues that a new trial is warranted because the illness of Plaintiff's counsel during trial precluded Plaintiff from conducting a fair trial and presenting his best case to the jury. On the second day of trial, one of Plaintiff's three attorneys, Mr. Patrick Dolan, fainted during a lunch

recess and was unable to proceed as intended.  As a result, Plaintiff requested a continuance of the trial until the following day.  The Court granted Plaintiff's request.  The following day, Plaintiff's counsel informed the Court that Mr. Burke Lopez, lead counsel for Plaintiff, would resume conducting the remainder of the trial proceedings.

Although Mr. Dolan's illness was unexpected, there is nothing to suggest that it deprived Plaintiff of a fair trial or that it prejudiced Plaintiff to a degree that would warrant a new trial. Notably, the jury never became aware of Mr. Dolan's illness, which occurred outside the presence of the jury and during a lunch recess.  Plaintiff was granted a continuance to take any necessary measures, and both parties confirmed their ability to proceed with trial as scheduled the following day.  Neither party sought a mistrial or a further continuance on this basis.  Indeed, there is no indication that Mr. Lopez was not adequately prepared to conduct the remainder of the trial in Mr. Dolan's place.  Further, Plaintiff was not without Mr. Dolan's presence or assistance, as he was present at counsel table for the duration of trial and participated in the charge conference with co-counsel.  In light of this, the Court finds that Plaintiff fails to establish the requisite prejudice to warrant a new trial.  *See SEC v. Diversified Corp. Consulting Grp.*, 378 F.3d 1219, 1228 (11th Cir. 2004) (stating that to obtain a new trial, the moving party must show prejudice).

## C.     Evidentiary Rulings

A new trial is warranted on the basis of an evidentiary error only when the error has caused substantial prejudice to the affected party.  *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004).  To establish substantial prejudice, the party requesting a new trial must show that the error affected the party's "substantial rights" or resulted in "substantial injustice." Fed. R. Civ. P. 61; *Peat*, 378 F.3d at 1162.  Thus, the central inquiry is the degree to which the improperly admitted or excluded evidence affected the verdict.  *Peat*, 378 F.3d at 1162.

Plaintiff argues that the Court improperly allowed the introduction of evidence relating to events that took place after Mr. Disa's termination.   Specifically, Plaintiff challenges the introduction of evidence relating to management decisions made after Mr. Disa was terminated and the financial performance of Defendant after Mr. Disa's termination.   In response, Defendant contends that this evidence was relevant to whether Mr. Disa conferred a benefit on Defendant, as alleged in Plaintiff's claim for unjust enrichment.

Although Defendant's management decisions and financial performance occurred after Mr. Disa was terminated, this evidence related back to Mr. Disa's performance in 2013 and the actions taken by Mr. Disa in 2013 with respect to his position in the company.   Specifically, evidence of the actions taken by Defendant after Mr. Disa was terminated to "correct" certain decisions made by Plaintiff during his employment in 2013 directly relate to Plaintiff's unjust enrichment claim, which alleged that Plaintiff was owed a bonus for the benefit he conferred on Defendant in 2013. (Dkt. 1.)   Plaintiff argues that this evidence left the jury with the impression that Mr. Disa was a "failed leader" in 2013 and did not confer any benefit on the company during that time.   (Dkt. 140.)   However, evidence of Mr. Disa's leadership decisions and contributions to the company were relevant to determine what, if any, benefit he conferred on Defendant without receiving adequate compensation. *See Henry M. Butler, Inc. v. Trizec Props., Inc.*, 524 So. 2d 710, 712 (Fla. 2d DCA 1988) ("It is axiomatic that there must be a benefit conferred before unjust enrichment exists.").   Moreover, Plaintiff presented evidence to show Mr. Disa's satisfactory performance and positive contributions for the jury to consider and weigh against all the evidence presented.   In light of the above, the Court finds that the introduction of this evidence was relevant, not unfairly prejudicial, and properly introduced at trial.   Accordingly, it is

**ORDERED** that Plaintiff's Motion for New Trial (Dkt. 140) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record