UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DISA,

      Plaintiff,

v.                                                             Case No: 8:14-cv-1915-T-JSS

ASHLEY FURNITURE INDUSTRIES,
INC.,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR COSTS

THIS MATTER is before the Court on Defendant's Motion for Costs.  (Dkt. 141.) Defendant seeks costs in the amount of $2,511.25 as the prevailing party following the entry of final judgment in its favor.  Upon consideration, Defendant's Motion for Costs is granted.

## BACKGROUND

On August 8, 2014, Plaintiff, John Disa, filed a complaint against Defendant, Ashley Furniture Industries, Inc., alleging that Defendant failed to pay Plaintiff bonus compensation for work Plaintiff performed in 2013 until his termination in November 2013.  (Dkt. 1.)  In the Complaint, Plaintiff alleged the following claims: (1) Count I: breach of contract; (2) Count II: breach of oral contract; (3) Count III: equitable accounting; (4) Count IV: promissory estoppel; (5) Count V: unjust enrichment; and (6) Count VI: unpaid wages under Florida common law.  (Dkt. 1.)

On July 15, 2015, Defendant moved for summary judgment as to all claims in the Complaint, arguing that Plaintiff was not entitled to a prorated bonus because Plaintiff's employment agreement required that he remain employed for a full year to receive a bonus.  (Dkt. 22.)  Defendant's Motion for Summary Judgment was granted as to Count III and denied as to

Counts I, II, IV, V, and VI on the basis that a genuine dispute of material fact existed regarding whether Plaintiff was entitled to a prorated bonus for 2013.  (Dkt. 43.)  Following a five-day jury trial in March 2016, the jury returned a verdict in favor of Defendant and against Plaintiff on the remaining claims of breach of contract, breach of oral contract, promissory estoppel, and unjust enrichment.[1]  (Dkt. 136.)  Judgment was entered accordingly on March 22, 2016.  (Dkt. 138.)  Defendant now moves for an award of costs as the prevailing party in this case.

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to receive costs other than attorneys' fees as limited by 28 U.S.C. § 1920.  Fed. R. Civ. P. 54(d)(1); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  There is a strong presumption in favor of awarding costs to the prevailing party.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Taxable costs are limited to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services.  28 U.S.C. § 1920.

## ANALYSIS

Following the jury's verdict, judgment was entered in favor of Defendant on March 22, 2016.  (Dkt. 138.)  Therefore, Defendant is the prevailing party in this action for purposes of awarding costs.  *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("'Usually the litigant in

---

[1] During the charge conference, Plaintiff withdrew Count VI (unpaid wages under Florida common law) and renumbered the remaining claims on the verdict form as follows: Count I: breach of contract; Count II: breach of oral contract; Count III: promissory estoppel; and Count IV: unjust enrichment.  (Dkt. 136.)

whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d).'" (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978))).

Defendant seeks costs totaling $2,511.25, which comprises $2,029.35 in fees for deposition transcripts used in the case and $481.90 in fees for copies of documents used in the case. (Dkt. 141.) Defendant's costs are itemized in a Bill of Costs attached to the Motion for Costs. (Dkt. 141-1.) In response, Plaintiff argues that Defendant's Motion for Costs is untimely, fails to adequately document the alleged costs, and represents an inequitable request. (Dkt. 142.)

### A. Timeliness

Rule 54(d) does not limit the time in which a motion for costs may be made. *Brown v. City of Palmetto*, 681 F.2d 1325, 1326 (11th Cir. 1982). Middle District of Florida Local Rule 4.18 provides, however, that "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." M.D. Fla. Local R. 4.18(a). Nevertheless, certain post-trial motions, such as a Rule 59 motion, "'suspend the finality of the district court's judgment pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.'" *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 805 (11th Cir. 2011) (quoting *Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001)).

As such, judgments do not become "final" for purposes of a motion for attorneys' fees and costs until certain post-trial motions are adjudicated. *Id.*; *see also Pate v. Seaboard R.R.*, 819 F.2d 1074, 1085 (11th Cir. 1987) (providing that the finality of judgment is suspended by the filing of a timely motion for new trial). Accordingly, the filing of a motion for new trial extends the deadline to file a motion for attorneys' fees and costs. *See Galdames*, 432 F. App'x at 805 (finding

that the defendants' motion for new trial extended the deadline for plaintiffs to file a motion for attorneys' fees); *Coleman v. Roadway Express*, 158 F. Supp. 2d 1304, 1308 (M.D. Ala. 2001) ("[W]hen a timely motion for new trial is filed, the time period for filing the cost bill is suspended until the motion for new trial is resolved by the trial court.").

In this case, judgment was entered on March 22, 2016.  (Dkt. 138.)  Defendant's Motion for Costs was filed on April 22, 2016, thirty-one days after entry of judgment and seventeen days after the fourteen-day deadline imposed by Local Rule 4.18(a).  (Dkt. 141.)  However, Plaintiff filed his Motion for New Trial on April 19, 2016, and the Court ruled on the Motion for New Trial on May 10, 2016.  (Dkts. 140, 145.)  Therefore, as Defendant's Motion for Costs was filed before the Court's ruling on Plaintiff's Motion for New Trial, Defendant's Motion for Costs is timely.

The Court further finds that the seventeen-day delay in filing the motion was not prejudicial to Plaintiff.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (providing that a court determine whether a party's neglect of a deadline was excusable by considering the prejudice caused by the delay, the length of the delay, and the reason for the delay, including whether the movant acted in good faith).  Therefore, the Court will consider the merits of Defendant's Motion for Costs.

### B.  Costs

Defendant seeks $2,029.35 for the cost of deposition transcripts necessarily obtained for use in the case and $481.90 for the cost of copies of documents necessarily obtained for use in the case.

### 1.  Deposition Transcripts

Taxation of deposition costs is authorized by 28 U.S.C. § 1920, which provides that "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be

taxed.  28 U.S.C. § 1920(2); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

Taxation of deposition costs depends on whether the deposition was necessarily obtained for use

in the case and whether the deposition was related to an issue present in the case at the time the

deposition was taken.  *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012).

Defendant seeks $2,029.35 for the cost of deposition transcripts used in the case.

Specifically, Defendant requests costs for three deposition transcripts—the depositions of John

Disa, Todd Wanek, and Troy Muller—that were used in support of Defendant's Motion for

Summary Judgment and during the litigation.  (Dkt. 141.)  In its Reply to Plaintiff's Response in

Opposition to Defendant's Motion for Costs, Defendant attached the invoices for each deposition

transcript.  (Dkt. 146-1.)  Upon consideration, the Court finds that these costs may be taxed as fees

for deposition transcripts necessarily obtained for use in this case.  *See Smith v. Sec'y, Fla. Dep't

of Corr.*, 598 F. App'x 738, 739 (11th Cir. 2015) ("[D]eposition costs of parties may be awarded

if the prevailing party could have reasonably believed that the deposition was necessary."); *W&O,

Inc.*, 213 F.3d at 621 (allowing costs associated with depositions submitted by the parties in

support of their summary judgment motions and for depositions of individuals on the party's

witness list).

## 2.   Copies of Documents

Defendant seeks $481.90 for the cost of copies of documents used in the case.  Taxation of

photocopy costs is authorized by 28 U.S.C. § 1920, which allows the taxation of "the costs of

making copies of any materials where the copies are necessarily obtained for use in the case."  28

U.S.C. § 1920(4).  Similar to transcript costs, taxation of photocopy costs depends on whether the

prevailing party reasonably believed that it was necessary to copy the documents at issue,

irrespective of whether the information contained in the copied document was actually used. *Watson*, 492 F. App'x at 997.

In its Motion for Costs, Defendant did not identify the documents for which costs are sought. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (finding that a general request for unspecified copying lacked the requisite specificity to allow the court to determine whether the documents were necessarily obtained for use in the case). However, in its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Costs, Defendant specified the documents that were photocopied for use in this case, which include copies of pleadings to be filed with the Court and copies of exhibits used during trial. (Dkt. 146.) Upon review, the Court finds that these costs may be taxed.

Further, the Court does not find that an award of $2,511.25 in costs to Defendant is inequitable or otherwise unjust, let alone so inequitable as to overcome the strong presumption in favor of awarding costs to the prevailing party. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (stating that because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation," a district court must have a "sound basis" to defeat the presumption that costs are to be awarded to a prevailing party); *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (providing that the non-prevailing party bears the burden of overcoming the presumption in favor of awarding costs to the prevailing party). Accordingly, it is

**ORDERED**:

1.  Defendant's Motion for Costs (Dkt. 141) is **GRANTED**.

2. Defendant, Ashley Furniture Industries, Inc., is awarded $2,511.25 in costs against

   Plaintiff, John Disa.

   **DONE** and **ORDERED** in Tampa, Florida on May 26, 2016.

   _____

   JULIE S. SNEED

   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record